UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-02454-KK-SPx | Date: | November 24, 2025 |
|---|---|---|---|
| Title: | *Angel Solis v. General Motors LLC et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 13]

## I.
## INTRODUCTION

On August 8, 2025, plaintiff Angel Solis ("Plaintiff") filed a Complaint against defendant General Motors LLC ("Defendant") in Riverside County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act"). ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl."). On September 18, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. Dkt. 1. On October 17, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 13, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

As alleged in the Complaint, on November 12, 2022, Plaintiff leased a 2022 Chevrolet Silverado 1500 ("Subject Vehicle"). Compl. ¶¶ 6, 9. During Plaintiff's lease of the Subject Vehicle, "the Subject Vehicle manifested defects covered by Defendant's express written warranties," including but not limited to "infotainment and engine system defects." Id. ¶ 12. Plaintiff brought the Subject Vehicle to Defendant and/or its authorized repair facilities, but Defendant failed to repair the Subject Vehicle in a timely manner, replace the Subject Vehicle, or offer sufficient service literature and replacement parts. Id. ¶¶ 8-28.

On August 8, 2025, Plaintiff filed the operative Complaint against Defendant in Riverside County Superior Court, raising causes of action under the Song-Beverly Act and seeking, among other forms of relief, actual damages and civil penalties.  Id. ¶ 8-33.

On September 18, 2025, Defendant filed a Notice of Removal.  Dkt. 1.  Defendant argues removal is proper based on diversity jurisdiction because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.  Id. at 3-6.

On October 17, 2025, Plaintiff filed the instant Motion.  Mot.  Plaintiff argues the matter should be remanded because Defendant has not provided sufficient facts or evidence to satisfy the amount in controversy.  Id. at 5-15.  In support of the Motion, Plaintiff submits a declaration from his counsel.  Dkt. 13-1.

On October 30, 2025, Defendant filed an Opposition to the Motion.  Dkt. 15, Opposition ("Opp.").  In support of the Opposition, Defendant submits the Declaration of Karyn L. Ihara ("Ihara Decl."), Dkt. 15-1, the Lease Agreement for the Subject Vehicle, Ihara Decl. ¶ 2, Ex. A ("Ex. A"), and the Repair History for the Subject Vehicle, id. ¶ 3, Ex. B ("Ex. B").  Plaintiff did not file a reply in support of the Motion.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

### IV.
### DEFENDANT HAS MET ITS BURDEN FOR ESTABLISHING THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

A.  **Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted).  Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'"  Jauregui v. Roadrunner Transp. Servs., Inc.,

28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88). Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (citation and internal quotation marks omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). However, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). The amount of controversy must be reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Under the Song-Beverly Act, the buyer or lessor of a vehicle may recover "in an amount equal to the actual price paid or payable." Cal. Civ. Code § 1793.2(d)(2)(B). For a leased vehicle, this amount is "the amount a plaintiff has actually paid on her lease, rather than the total value of the lease." Cuevas v. Ford Motor Co., No. CV 22-1520-DMG-MAAx, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (citing Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). However, a plaintiff's actual damages are subject to a reduction, known as a mileage offset, in the amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C). Additionally, if the statutory violations are willful, the buyer or lessor may also recover civil penalties up to two times the amount of actual damages. Id. § 1794(c).

**B.    Analysis**

Here, Defendant has provided sufficient evidence to establish the amount in controversy exceeds $75,000.[1] The Lease Agreement shows Plaintiff paid $35,195.15 for leasing the Subject Vehicle.[2] Ex. A at 2. Based on the Lease Agreement and Repair History, Defendant estimates the

---

[1] While Plaintiff contends in his Motion that Defendant "offers no competent evidence quantifying damages, penalties, or fees," Mot. at 6, Defendant filed the Lease Agreement and Repair History with its Opposition. Plaintiff has not filed a Reply offering any argument or evidence of his own challenging Defendant's evidence.

[2] According to the Lease Agreement, Plaintiff was obligated to pay a $7,000 down payment, 36 monthly payments of $794.29 starting November 12, 2022, and $395 in fees. Ex. A at 2. Therefore, Defendant has provided uncontroverted evidence that Plaintiff has paid the full amount of the lease as of October 12, 2025.

mileage offset to be $2,507.78.[3]  Opp. at 6.  Defendant also alleges it is entitled to an additional statutory offset of $1,500.[4]  Id.  Hence, subtracting for offsets, Defendant has established actual damages of at least $31,187.37.[5]  See, e.g., Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding the defendant satisfied the amount in controversy requirement by a preponderance of the evidence according to the sales contract and repair order).

Further, Defendant asserts the amount in controversy includes civil penalties equivalent to two times the amount of actual damages.  Opp. at 10-11; see Cal. Civ. Code § 1794(c).  Because Defendant has established the amount of actual damages by a preponderance of the evidence, the amount of the civil penalties available under the Song-Beverly Act is likewise non-speculative.  See, e.g., Ghebrendrias v. FCA US LLC, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing civil penalties based on actual damages).  Here, assuming actual damages of $31,187.37, the amount of civil penalties at stake is $62,374.74.

Plaintiff contends civil penalties should be excluded from the amount in controversy because Defendant fails to provide "evidence of willfulness that might support such an award."  Mot. at 10.  However, contrary to Plaintiff's argument, Defendant is not "required to put forth evidence of its own willfulness to oppose a motion to remand."  De Vidal v. Ford Motor Co., No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); see also Brooks v. Ford Motor Co., No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .).  Rather, because the Complaint specifically alleges willfulness and states Plaintiff "is entitled to a civil penalty of two times Plaintiff's actual damages," Compl. ¶ 17, Defendant has

---

[3] The mileage offset is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer.  Cal. Civ. Code § 1793.2(d)(2)(C).  Defendant alleges the number of miles driven prior to the first delivery for correction was 4,837 miles.  Opp. at 6; compare Ex. A at 2 (showing the total mileage at the time of the Lease Agreement was 27 miles) with Ex. B (showing the total mileage when the Subject Vehicle was presented for repair on September 8, 2023 was 4,864 miles).  Further, Defendant alleges the "actual price of the new motor vehicle" was $62,215, or the cash value of the Subject Vehicle at the time of purchase.  Opp. at 6; Ex. A at 2.  Plaintiff does not challenge any of these figures or methods used by Defendant to compute the mileage offset.

[4] Among other charges, manufacturer's rebates and optional equipment supplied by third parties must be deducted from actual damages under the Song-Beverly Act.  See Cal. Civ. Proc. Code § 871.27.  The Lease Agreement shows a rebate of $1,500.  Ex. A at 2.  The Lease Agreement also shows expenses for "Optional Products and Services" for "ETCH" and "THEFT RECOVERY SYSTEM" but does not show whether such products and services were supplied by a third party.  Ex. A at 2.  Because Defendant satisfies the amount in controversy requirement even if these charges offset actual damages, the Court need not decide whether they must be deducted from Plaintiff's recoverable amount.

[5] Defendant also "assumes that Plaintiff has exercised its option to purchase for $41,089.75 and will seek to recover that amount on top of the lease payments" Opp. at 6.  The Court need not consider this argument because Defendant satisfies the amount in controversy requirement regardless of the purchase option.

sufficiently shown that Plaintiff has placed the maximum amount of civil penalties in controversy, "whatever the likelihood that [he] will actually recover" that amount. Chavez, 888 F.3d at 417; see also Amavizca v. Nissan N. Am., Inc., No. EDCV 22-02256-JAK-KKx, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy.").

Thus, combining actual damages and civil penalties, Defendant has established an amount in controversy of $93,562.11 by a preponderance of the evidence.[6] Accordingly, Defendant has established the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant has met its burden for satisfying the amount in controversy requirement. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

---

[6] While Defendant estimates Plaintiff will also seek $15,000 in attorney's fees, Opp. at 11, Plaintiff challenges Defendant's estimate as "self-serving and conclusory," Mot. at 12. Because the amount in controversy exceeds $75,000 regardless of attorney's fees, the Court need not decide this issue. See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754, at *3 (C.D. Cal. Nov. 7, 2016) (declining to consider additional awards where "Defendant has established that statutory damages alone are likely to exceed the jurisdictional amount in controversy").